IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-00494-GPG

KYLE LEE HOUSTON DELIHUE, III,

    Plaintiff,

v.

C.D.O.C. DIR. RICK RAEMISCH,
C.D.O.C. PHYS-DR. JOAN KONPRIVINAKAR,
C.D.O.C. PHYS DR. SUSAN MEEKER,
DENVER COUNTY JAIL WARDEN DIGGINS,
DENVER COUNTY JAIL PHYS DR. SASHA RAI,
C.M.H.I.P. ROBERT WERTHWEIN,
C.M.H.I.P. PHYS DR. DAWN DAWSON, and
C.M.H.I.P. PHYS DR. LENNART ABEL,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the amended Prisoner Complaint (ECF No. 11)[1] filed *pro se* by Plaintiff on May 7, 2019. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 14.)[2]

---

[1] "(ECF # 11)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved

The Court must construe the amended Prisoner Complaint and other papers filed by Plaintiff liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the amended Prisoner Complaint be dismissed.

## I. DISCUSSION

Plaintiff is an inmate at the Colorado Mental Health Institute at Pueblo, Colorado ("CMHIP"). Plaintiff initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) asserting claims pursuant to 42 U.S.C. § 1983 and a number of other federal statutes. On April 5, 2019, the Court ordered Plaintiff to file an amended complaint because he failed to provide a short and plain statement of any claims showing he is entitled to relief. As noted above, the amended Prisoner Complaint was filed on May 7, 2019. Although Plaintiff has not used the District of Colorado's current Prisoner Complaint pleading form, the Court will not require him to cure that deficiency.

The amended Prisoner Complaint does not provide a clear statement of Plaintiff's claims and does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing

---

party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff asserts eight claims in the amended Prisoner Complaint, one against each Defendant. He alleges generally that he has suffered various injuries because unspecified medications have been forcibly administered without an appropriate medical diagnosis or court order. In claims one through three, he contends former Colorado Department of Corrections ("DOC") Executive Director Rick Raemisch and two DOC

psychiatrists, Joan Konprivinakar and Susan Meeker, were deliberately indifferent from 2009 to 2017 when they ordered prison officials to forcibly administer medications without a court order that caused injuries "including damages to his brain, eyes, liver, pancreas, kidneys, and from the side effects [Plaintiff] received diabeties [sic], neurapaty [sic], & high blood pressure, including hair loss." (ECF No. 11 at pp.10, 11, & 12.) Plaintiff contends in claims four and five that Denver County Jail Warden Diggins and a Denver County Jail psychiatrist, Sasha Rai, were deliberately indifferent from 2011 to 2019 when they ordered jail officials to forcibly administer medications without a court order that caused injuries "including damages, to his brain, eyes, liver, pancreas, kidneys, and from the side effects [Plaintiff] received diabeties [sic], neurapaty [sic], & high blood pressure, including hair loss." (ECF No. 11 at pp.13, 14.) In claims six through eight, Plaintiff contends Robert Werthwein and two CMHIP psychiatrists, Dawn Dawson and Lennart Abel, were deliberately indifferent from 2018 to 2019 when they ordered CMHIP officials to forcibly administer medications without a court order that caused injuries "including damages, to his brain, eyes, liver, pancreas, kidneys, and from the side effects [Plaintiff] received diabeties [sic], neurapaty [sic], & high blood pressure, including hair loss." (ECF No. 11 at pp.15, 16, & 17.) Plaintiff seeks damages as relief.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d

955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Despite the specific instructions provided by the Court in the order directing Plaintiff to file an amended complaint, Plaintiff's repetitive and conclusory assertions that he has suffered various injuries because Defendants ordered other individuals to administer unspecified medications at unspecified times dating back to 2009 do not provide a clear and concise statement of any claims showing he is entitled to relief. As noted above, Plaintiff must allege specific facts that "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

Because Plaintiff fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each claim, the amended Prisoner Complaint does not comply with the pleading requirements of Rule 8.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the amended Prisoner Complaint (ECF No. 11) and the action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8.

DATED at Grand Junction, Colorado, this 20th day of May, 2019.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge